RANDOLPH, Senior Circuit Judge,
concurring:
I agree that the Tribe’s'motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure was untimely. I write separately to mention another basis for denying the motion.
Under Rule 24(a)(2), the motion to intervene must not only be timely, but also the movant must claim
an interest relating to the property or transaction that is the subject of the action, and [be] so situated that disposing of the action may as a practical matter impair or impede the movant’s ability to protect its interest, unless existing parties adequately represent that interest.
Fed.R.Civ.P. 24(a)(2).
The Tribe wanted to intervene in order to assert that it was an indispensable party under Rule 19(a). The idea being that the Tribe could then invoke its sovereign immunity and have the court dismiss Amador County’s action against the Department of the Interior. In terms of Rule 24(a)(2), the Tribe claimed that the United States did not “adequately represent” the Tribe’s “interest” — which the Tribe defined as its sovereign immunity. Appellant’s Brief at 46.
The strategy was clever but it would not have worked. The Tribe’s interest in its sovereign immunity was not — -in the words of Rule 24(a)(2) — “an interest relating to the property or transaction that is the subject of the action.” The very point of the Tribe’s motion was to inject sovereign immunity into the case. The Tribe therefore would not have qualified for intervention as of right even if it had timely filed its motion. <